IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SERGIO MARTINEZ, | ) | |
| Plaintiff, | ) | No. C 07-6001 TEH (PR) |
| vs. | ) | ORDER OF TRANSFER |
| SHERRA D. MILLER, et al, | ) | |
| Defendants. | ) | (Docket No. 2) |

Plaintiff, apparently a state prisoner of the state of Texas, currently incarcerated at the Hughes Unit in Gatesville, Texas, has filed a pro se civil rights action under 42 U.S.C. § 1983 in this district, complaining about his private attorney, the conduct of his prosecution in Houston, Texas and the conditions of his confinement. However, Plaintiff has not established jurisdiction in this Court. The events or omissions giving rise to the claims occurred, and the Defendants named reside, in Harris County, which lies within the venue of the Southern District of Texas. See 28 U.S.C. § 124(b)(2). Venue therefore properly lies in the Southern District of Texas. See id. § 1391(b).

When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a

case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

   Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Southern District of Texas. In light of the transfer, this Court will not resolve Plaintiff's pending motion to proceed in forma pauperis. The Clerk shall transfer this matter forthwith.

SO ORDERED.

DATED: 12/11/07

THELTON E. HENDERSON
United States District Judge

2